UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brook Mallak,                                                    Civil No. 13-2119 (DWF/LIB)

              Plaintiff,

v.                                                                  **ORDER**

City of Brainerd; Cass County; Crow Wing County;
City of Fridley; Central Minnesota Community
Corrections; City of Staples; City of St. Cloud;
City of Staples; Chad Visser, acting in his
individual capacity as an Officer of the Baxter
Police Department; Julie McCullough, acting in
her individual capacity as an employee of the
Brainerd Police Department; Joel Reed, acting
in his individual capacity as an Officer of the
Brainerd Police Department; Anthony Runde,
acting in his individual capacity as an Officer
of the Brainerd Police Department; Perry Jones,
acting in his individual capacity as a Detective
for the Fridley Police Department; David Darling,
acting in his individual capacity as an Officer of
the St. Cloud Police Department; Tyler Burke,
acting in his individual capacity as an employee
of the Crow Wing County Sheriff's Office;
Amy Edberg, acting in her individual capacity
as an employee of the Crow Wing County
Sheriff's Department; Ryan Goff, acting in his
individual capacity as a corrections officer for
the Crow Wing County Sheriff's Office and in
his individual capacity as an Officer of the City
of Staples Police Department; Gary Gutenkauf,
acting in his individual capacity as an Officer of
the Crow Wing County Sheriff's Office; Ginger
Heurung, acting in her individual capacity as a
corrections officer for the Crow Wing County
Sheriff's Office; Derek Lavoy, acting in his
individual capacity as an investigator for the
Crow Wing County Sheriff's Office; Illissa

Ramm, acting in her individual capacity as an Assistant County Attorney in the Crow Wing County Attorney's Office; Michael Tripplet, acting in his individual capacity as a corrections officer for the Crow Wing County Sheriff's Office; Karri Turcotte, acting in her individual capacity as an employee of the Crow Wing County Sheriff's Office; Jon Vukelich, acting in his individual capacity as a Sergeant of the Crow Wing County Sheriff's Office; Ryan Barnett, acting in his individual capacity as an employee of Central Minnesota Community Corrections; Dawn Chouinard, acting in her individual capacity as an employee of Central Minnesota Community Corrections; Shannon Wussow, acting in her individual capacity as an employee of Central Minnesota Community Corrections; Colleen Berens; Laura Johnson; Lori Lucas; Christine Madsen; Joan Smith; John and Jane Does (1 - 500) acting in their individual capacity as supervisors, officers, deputies, staff, investigators, employees or agents of the other law-enforcement agencies; and Entity Does (1-50) including cities, counties, municipalities, and other entities sited in Minnesota and federal departments and agencies,

      Defendants.

  This matter is before the Court upon Plaintiff Brook Mallak's ("Plaintiff") objections to Magistrate Judge Leo I. Brisbois's March 4, 2015 Order (Doc. No. 193) insofar as it denies joinder of certain law-enforcement personnel.  (Doc. No. 196.)  On April 1, 2015, Defendants Crow Wing County and Cass County ("County Defendants") filed a response in opposition to Plaintiff's objections (Doc. No. 203), and Defendants

Tyler Burke, Amy Edberg, Ryan Goff, Gary Gutenkauf, Ginger Heurung, Erek Lavoy, Ilissa Ramm, Michael Triplett, Karri Turcotte, and Jon Vukelich ("Individual County Defendants") also filed a response in opposition to Plaintiff's objections (Doc. No. 204).

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D.Minn. LR 72.2(a). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court denies Plaintiff's objections and affirms Magistrate Judge Brisbois's March 4, 2015 Order in all respects.

In his Order, Magistrate Judge Brisbois ruled on three types of proposed amendments to Plaintiff's Complaint. Magistrate Judge Brisbois allowed two types of amendments and declined to allow the third type of amendment relating to certain new defendants. Plaintiff only objects to the portion of the Magistrate Judge's Order that declines to allow Plaintiff to amend her Complaint to add Rhonda Kraus ("Kraus"), Janet Wedan ("Wedan"), and Sherburne County, their employer, as defendants and to add the corresponding allegations against them. Magistrate Judge Brisbois reasoned that the

accesses allegedly conducted by Kraus, Wedan, and Sherburne County were not referenced in Exhibit A to Plaintiff's original Complaint and that therefore their addition would constitute more than the mere substitution of known individuals for existing Doe Defendants.  Magistrate Judge Brisbois also stated that Plaintiff was, in fact, attempting to join new defendants and add previously unalleged accesses associated with those defendants, which he would not allow.  Magistrate Judge Brisbois further found that joinder of those new defendants was improper because Plaintiff did not explicitly move the Court for leave to join them and, additionally, that permissive joinder was not applicable in this case pursuant to his Rule 20 analysis.

   Plaintiff objects to the Magistrate Judge's Order arguing that, in light of the "liberal" standard favoring amendment under Rule 15(a) of the Federal Rules of Civil Procedure, the proposed amendments are reasonable and necessary and should therefore be allowed in their entirety.  Plaintiff further argues that contrary to Magistrate Judge Brisbois's order, joinder is not necessary to add the three new defendants and the claims against them; however, Plaintiff argues that if joinder is necessary, joinder also tracks the "liberal standard of amendment" and should therefore be allowed.  Finally, Plaintiff asserts that this Court already ruled that joinder of similar defendants was appropriate in Drivers' Privacy Protection Act ("DPPA") cases when it held that severance was inappropriate at the motion to dismiss stage in two other cases.

County Defendants counter that Plaintiff appears to improperly seek a motion for reconsideration and therefore fails to establish that the Magistrate Judge's Order was either clearly erroneous or contrary to law in any way. Individual County Defendants reiterate the arguments of County Defendants and also argue that Plaintiff's objections apply the wrong standards by relying on Rule 15 of the Civil Rules of Federal Procedure rather than Rules 16 and 20.

The Court finds that Magistrate Judge Leo I. Brisbois's March 4, 2015 Order is neither clearly erroneous nor contrary to law. In light of the "extremely deferential standard" to be applied by this Court when examining objections, *see Reko*, 70 F. Supp. 2d at 1007, the Court cannot say a mistake has been committed in this case, *see Chakales*, 79 F.3d at 728. Magistrate Judge Brisbois properly found that Wedan, Kraus, and Sherburne County are "entirely *new Defendants*" (emphasis in original) and that the Court could summarily deny Plaintiff the opportunity to add them due to Plaintiff's failure to move for joinder. Magistrate Judge Brisbois then evaluated the joinder of Wedan, Kraus, and Sherburne County "out of an abundance of caution" and, in doing so, fully examined the two requirements for permissible joinder under Rule 20 when finding that permissive joinder was inapplicable. (*See* Doc. No. 193.) Whether or not this Court would have permitted joinder, Magistrate Judge Brisbois's conclusion that the allegations against Wedan, Kraus, and Sherburne County fail to meet the "same transaction connection or occurrence" requirement of Rule 20 in this case was not clearly

erroneous.  Thus, the Court overrules Plaintiff's objections and affirms Magistrate Judge Brisbois's Order in all respects.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Brook Mallak's appeal (Doc. No. [196]) of Magistrate Judge Leo I. Brisbois's March 4, 2015 Order is **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's March 4, 2015 Order (Doc. No. [193]) is **AFFIRMED.**

Dated:   May 13, 2015                s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge