UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Brook Mallak,                                    Court File No. 13-cv-2119 (DWF/LIB)

          Plaintiff,

   v.                                          **ORDER**

Aitkin County, et al.,

          Defendants.

---

This matter is before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636(b)(1)(A), upon Plaintiff's Motion to Compel, [Docket No. 239]; the City Defendants[1] and the Appealing Defendants'[2] Motion for Protective Order to Stay, [Docket No. 242]; the County Defendants'[3] Motion to Sever and/or Stay, and for a Protective Order, [Docket No. 256]; and the remaining Individual Defendants'[4] Motion to Sever and/or for a Protective Order to Stay, [Docket No. 263]. The Court held a motions hearing on September 3, 2015, and the Court took the parties' motions under advisement.

For reasons discussed herein, the Court will **DENY** Plaintiff's Motion to Compel, [Docket No. 239]; **GRANT in part** and **DENY in part** the City and Appealing Defendants'

---

[1] The City Defendants include Defendants City of Staples, City of St. Cloud, City of Brainerd, and City of Fridley (hereinafter the "City Defendants").

[2] The Appealing Defendants include individual Defendants city employees Anthony Runde, Perry Jones, David Darling, and Ryan Goff (hereinafter the "Appealing Defendants").

[3] The County Defendants include Cass County, Crow Wing County, and Central Minnesota Community Corrections (hereinafter the "County Defendants").

[4] The remaining individual Defendants include county employees Tyler Burke, Amy Edberg, Gary Guttenkauf, Ginger Heurung, Derek Lavoy, Ilissa Ramm, Michael Triplett, Kari Turcotte, Jon Vukelich, Ryan Barnett, Shannon Wussow, Christine Madsen, Colleen Berens, Laura Johnson, Down Choinard, Deb Nelson, and Joan Smith (hereinafter the "Individual Defendants").

Motion for a Protective Order to Stay, [Docket No. 242]; **GRANT in part** and **DENY in part** the County Defendants' Motion to Sever and/or Stay, and for a Protective Order, [Docket No. 256]; and **DENY** the Individual Defendants' Motion to Sever and/or for a Protective Order to Stay, [Docket No. 263].

## I.   BACKGROUND AND STATEMENT OF RELEVANT FACTS

The present action arises out of alleged violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.* Plaintiff Brook Mallak ("Plaintiff") initiated the present case on or about August 5, 2013. (Compl. [Docket No. 1], ¶ 1), alleging that then-named Defendants had accessed her driver's license information between 2003 and 2012 without legal authorization to do so. (Id. ¶ 2, Ex. A).

In her initial Complaint, Plaintiff pled one count of a violation of the DPPA against all then-named Defendants; one count of a violation of 42 U.S.C. § 1983 against all individual, publicly-employed John and Jane Doe Defendants acting under the color of state and/or federal law; one count of a violation of 42 U.S.C. § 1983 against all then-named public entity Defendants; one count of a violation of 42 U.S.C. § 1983 against the Commissioner Defendants and Department of Public Safety ("DPS") Doe Defendants; one count of a violation of 42 U.S.C. § 1983 against DPS Commissioner Ramona Dohman; and one count of common law invasion of privacy against all then-named Defendants. (Id. at Counts I-VI).

On March 31, 2014, the Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, issued a Memorandum Opinion and Order in the present case addressing various motions to dismiss, motions for summary judgment, and motions to sever brought by the various then-named Defendants. (Memorandum Opinion and Order [Docket No. 89], at 2-3). Judge Frank dismissed (1) Plaintiff's claims against the DPS Commissioners and the DPS Doe Defendants; (2) Plaintiff's section 1983 claims; (3) Plaintiff's invasion of privacy

2

claims; and (4) all DPPA claims derived from accesses alleged to have occurred more than four years prior the filing of the present case. (Id. at 41-43).

On June 30, 2014, Plaintiff served written discovery on the then-remaining Defendants, requesting the identities of the individuals responsible for the alleged accesses and the reason, purpose, and factual circumstances surrounding each access. (See March 4, 2015, Order, [Docket No. 193], 3). Receipt of the requested discovery information prompted Plaintiff to move the Court for leave to file an amended complaint.  On October 30, 2014, the Undersigned granted Plaintiff leave to file an amended complaint that incorporated the names of the following individual Defendants: Chad Visser; Julie McCollough, Corky McQuiston, Joel Reed, Anthony Runde, Perry Jones, David Darling, Tyler Burke, Amy Edberg, Ryan Goff, Gary Gutenkauf, Ginger Heurung, Derek Lavoy, Illissa Ramm, Michael Triplett, Karri Turcotte, and Jon Vukelich. (See gen., October 30, 2014, Order, [Docket No. 166]).

Following the filing of her First Amended Complaint, [Docket No. 167]), Plaintiff served a subpoena on the Department of Public Safety requesting identification of all individuals who had obtained Plaintiff's data from the Minnesota Driver and Vehicle Services ("DVS") database within four years of the filing of the Complaint. (Strauss Aff. [Docket No. 150], ¶ 5). The DPS responded to the subpoena on October 30, 2014, (Strauss Aff. [Docket No. 181], ¶ 19). Plaintiff then moved the Court for leave to file a second amended complaint, in which she proposed identifying additional previously named Doe defendants, and joining claims against three new defendants. (See gen., Pl.'s Motion for Leave to File Second Amended Complaint, [Docket No. 177]). On March 4, 2015, the Undersigned granted Plaintiff leave to file a second amended complaint, which incorporated the names of the following then-newly identified Defendants: Central Minnesota Community Corrections ("CMCC"); Deb Nelson; Ryan Barnett; Dawn

3

Chouinard; Shannon Wussow; Colleen Berens; Laura Johnson; Lori Lucas; Christine Madsen, and Joan Smith. (See gen., March 4, 2015, Order, [Docket No. 193]).

On March 19, 2015, one day after Plaintiff filed her Second Amended Complaint, [Docket No. 195], Judge Frank issued a Memorandum Opinion and Order, [Docket No. 199], in which he ruled on a motion for summary judgment brought by Defendants City of Baxter, City of Brainerd, City of Fridley, City of Little Falls, City of St. Cloud, and City of Staples, concerning accesses of Plaintiff's information by their respective employees, individual Defendants Visser, Runde, McQuiston, McCullough, Reed, Jones, Darling, and Goff. (See gen., Id.). In pertinent part, Judge Frank held that Defendants Visser, McQuiston, McCullough, and Reed were entitled to qualified immunity for their challenged actions and granted summary judgment in favor of those individual Defendants as well as Defendant City of Baxter. (Id. at 14-18). Judge Frank held, however, that genuine issues of material fact existed with regard to individual Defendants Runde, Jones, Darling, and Goff, and denied the motion for summary judgment as to those individual Defendants. (Id. at 17-18).

On April 17, 2015, Defendants Runde, Jones, Darling, and Goff, the Appealing Defendants, filed an interlocutory appeal regarding the denial of summary judgment on the basis of qualified immunity (the "Interlocutory Appeal"). (See Notices of Appeal, [Docket No. 206, 207]). The Interlocutory Appeal is still in the briefing phase. (City Defs and Appealing Defs' Memorandum in Support of Motion for Protective Order to Stay, [Docket No. 244]).

There are two aspects of the parties' subsequent discovery efforts that are relevant to the motions presently before the Court. The first concerns responses to discovery requests Plaintiff served on the City Defendants who had employed the Appealing Defendants.[5] The second

---

[5] The Cities of Baxter and Little Falls have since been dismissed from the present case.

concerns the scheduling of Rule 30(b)(6) depositions of two deponents designated by Defendant Crow Wing County.

### A. City Defendants' Discovery Responses

On June 26, 2015, Plaintiff served written discovery requests on various Defendants, including the City Defendants, Crow Wing County, CCMC, and the Individual Defendants. (Miller-Van Oort Affidavit, [Docket No. 267], ¶ 3). On July 9, 2015, counsel for the City Defendants sent Plaintiff a letter indicating that he did not believe that discovery was appropriate as to the City Defendants or the Appealing Defendants in light of the pendent Interlocutory Appeal, and because Plaintiff had not alleged independent claims against the City Defendants. (Id. at ¶ 7). The responses of the City Defendants were due on July 26, 2015. (Id. at ¶ 4). The City Defendants have not provided responses to Plaintiff's discovery requests. (Id. at ¶ 8). On July 28, 2015, counsel for the City Defendants indicated to Plaintiff's counsel in an email that Plaintiff should bring a discovery motion regarding her position regarding the City Defendants' responses to Plaintiff's discovery requests. (Id. at ¶ 10).

On August 5, 2015, Plaintiff brought the present Motion to Compel, [Docket No. 239]. On August 6, 2015, the City Defendants and the Appealing Defendants brought the present Motion for a Protective Order to Stay Discovery, [Docket No. 242].

### B. Rule 30(b)deposition

On July 30, 2015, Plaintiff circulated an email with proposed dates for depositions of several defendants, including Crow Wing County and the City Defendants, in pertinent part proposing an August 28, 2015, date for the depositions of the Crow Wing County's designated Rule 30(b)(6) deponents. (Miller-Van Oort Affidavit, [Docket No. 275], ¶¶ 6-7). Plaintiff did not receive a response from counsel for Defendant Crow Wing County or counsel for the Individual

Defendants by August 6, 2016. (Id. at ¶ 7). On August 6, 2015, counsel for the City Defendants told counsel for Plaintiffs that the City Defendants would not be available for deposition until late September or October. (Id. at ¶ 8). On August 14, 2015, Counsel for Crow Wing County took the position that the depositions of the Crow Wing County deponents should take place in Crow Wing County. (Id. at ¶ 18).

On August 19, 2015, counsel for Crow Wing County designated County Attorney Don Ryan and Ms. Tina Elder as its Rule 30(b)(6) deponents. (Id. at ¶ 10).

On August 20, 2015, the County Defendants filed the present Motion to Sever and/or Stay, and for a Protective Order, [Docket No. 256]. On that same date, the remaining Individual Defendants filed the present Motion to Sever and/or for a Protective Order to Stay Discovery, [Docket No. 263].

On August 27, 2015, counsel for Plaintiff offered to the take the Crow Wing County depositions in Baxter, Minnesota, on September 8, 2015.

## II.     PLAINTIFF'S MOTION TO COMPEL, [Docket No. 239]

As initially drafted, Plaintiff's motion asked the Court for an Order compelling both the City and Appealing Defendants to respond to discovery requests that Plaintiff had served on them. Plaintiff also asks the Court to grant her an award of attorneys' fees for the cost of bringing the motion to compel.

As a threshold matter, the City and Appealing Defendants assert, and Plaintiff's counsel at the motions hearing acknowledged, that this Court does not have jurisdiction over Plaintiff's motions for discovery against the Appealing Defendants during the pendency of their Interlocutory Appeal.[6] (See September 3, 2015, Motions Hearing, Digital Recording at 1:48:10

---

[6] "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on

p.m.). Accordingly, the Court will **DENY** Plaintiff's Motion to Compel, [Docket No. 239], to the extent Plaintiff asks the Court to compel discovery responses from the Appealing Defendants.

The remaining issue with regard to Plaintiff's motion is whether the Court should nevertheless compel the City Defendants to provide their discovery responses during the pendency of the Interlocutory Appeal. The City Defendants argue that Plaintiff's claims against them are based solely on the instances of access by the Appealing Defendants and a theory of vicarious liability for the acts of their employees. As such, the City Defendants argue that Plaintiff's claims against them are entwined with the claims at issue in the Interlocutory Appeal, and the preclusion on discovery regarding the claims against the Appealing Defendants should similarly preclude discovery regarding Plaintiff's claims against the City Defendants. Plaintiff argues that, even there is qualified immunity for the Appealing Defendants, qualified immunity is inapplicable to municipalities, and she still has a direct claim against the City Defendants on which she may pursue discovery.

In pertinent part, 18 U.S.C. § 2724(a) sets forth:

> **(a) Cause of action.**--A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.

---

the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*." United States v. Ledbetter, 882 F.2d 1345, 1347 (8th Cir. 1989) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)) (emphasis added). "Once a notice of appeal has been filed in a case in which there has been denial of a summary judgment motion raising the issue of qualified immunity, the district court should then stay its hand. Jurisdiction has been vested in the court of appeals and the district court should not act further." Johnson v. Hay, 931 F.2d 456, 459 n.2 (8th Cir. 1991). "[T]he purpose of qualified immunity is to protect government officials from the burdens of litigation and […] discovery is one such major burden. The implication is that, though the qualified immunity issue is not conclusively determined, the officials will have nonetheless lost one of the major benefits of qualified immunity." Washington v. Blunt, 384 F. App'x 529, 531 (8th Cir. 2010) (citing Behrens v. Pelletier, 516 U.S. 299, 308 (1996)). "Until this threshold immunity question is resolved, discovery should not be allowed." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In pertinent part, 18 U.S.C. § 2725, defines a "person" for purposes of the DPPA as "an individual, organization or entity, but does not include a State or agency thereof[.]"

The text of the DPPA authorizes a direct claim against an entity defendant. However, at the motions hearing, Plaintiff's counsel acknowledged that a municipal entity cannot act except through the actions of its employees. (See September 3, 2015, Motions Hearing, Digital Recording at 2:20:20 p.m.). Accordingly, it appears that Plaintiff's claims against the City Defendants are based, at least in part, on the instances of access by the Appealing Defendants.

There are only a handful of cases nationwide that have expressly addressed the basis for imposing liability under the DPPA on a municipality for the acts of its employee. Of those cases, courts from other jurisdictions which have expressly addressed the issue have consistently held that a municipality's liability arises from a theory of vicarious liability for which liability may be imposed on the municipality solely for the acts of the employee, rather than a theory similar to a Monell section 1983 claim in which the municipality must itself bear some independent responsibility for causing the unlawful activity. See Santarlas v. Minner, No. 5:15-CV-103-OC-30PRL, 2015 WL 3852981, at *4 (M.D. Fla. June 22, 2015) (analyzing DPPA claim against municipal defendant using vicarious liability principles); Schierts v. City of Brookfield, 868 F. Supp. 2d 818, 821-22 (E.D. Wis. 2012) (same); Menghi v. Hart, 745 F. Supp. 2d 89, 99 (E.D.N.Y. 2010) aff'd, 478 F. App'x 716 (2d Cir. 2012) (same); Margan v. Niles, 250 F. Supp. 2d 63, 75 (N.D.N.Y. 2003) (applying vicarious liability theory); see also English v. Parker, No. 6:09-CV-1914-ORL-31, 2011 WL 1842890, at *5 (M.D. Fla. May 16, 2011) (suggesting but not holding that municipality liability for DPPA claim is based on theory of respondeat superior).

In this District, the analysis has been mixed. In several cases, it has been suggested, but not expressly held, that for DPPA claims municipal liability for an employee's actions is based

on theories of vicarious liability. See Traub v. City of Saint Paul, No. CIV. 13-3017 MJD/JJK, 2014 WL 2881484, at *4 (D. Minn. June 25, 2014) (noting that pleading had alleged no facts to support DPPA claims for vicarious liability against municipal defendants based on actions of employees); Metcalfe v. Priebe, No. CIV. 13-1692 RHK/JJG, 2014 WL 5106851, at *5 (D. Minn. Oct. 10, 2014) (granting summary judgment to municipal defendant on DPPA claim after finding that claim was based on employee officer's access of information, the access was justified, and that the plaintiff's claim against the municipality was based on theory of vicarious liability); Rasmusson v. Chisago Cnty., 991 F. Supp. 2d 1065, 1083 (D. Minn. 2014) (suggesting, without holding, that county may be vicariously liable under the DPPA for act of its employee).  Other cases have suggested that a municipality may not be held liable solely for the acts of an employee, but it must instead have itself acted with an improper purpose. See Shambour v. Carver Cnty., No. CIV. 14-566 RHK/LIB, 2014 WL 3908334, at *3 (D. Minn. Aug. 11, 2014) (dismissing DDPA claim against entity defendants on the basis that the text of the DPPA requires showing of individual action by a defendant); Jessen v. Blue Earth Cnty., No. CIV. 14-1065 RHK/JSM, 2014 WL 5106870, at *4 (D. Minn. Oct. 10, 2014) (opining that county defendant could not be liable for DPPA claim on theory of vicarious liability as the DPPA requires that a defendant itself have acted to be liable).

Assuming only for the sake of argument that the City Defendants' potential liability for the accesses by the Appealing Defendants is based on a theory of vicarious liability, the preclusion on discovery regarding Plaintiff's claims against the Appealing Defendant's would similarly preclude discovery against the City Defendants.

However, even if Plaintiff's claims against the City Defendants would require a showing that the City Defendants themselves acted with an improper purpose, the Court still concludes

that the circumstances of the present case support the entry of a stay on discovery concerning Plaintiff's claims against the City Defendants. First, even discovery directed to the independent knowledge or purposes of the City Defendants will require some discovery into the actions and knowledge of the Appealing Defendant employees. Further, at the motions hearing, the parties also represented to the Court that, in addition to the question of whether the Appealing Defendants are each entitled to qualified immunity, there are additional issues being raised before the Eighth Circuit Court of Appeals in the Interlocutory Appeal. (See September 3, 2015, Motions Hearing, Digital Recording at 2:03:45 p.m.). Those additional issues certainly may be expected to also overlap with issues implicated by Plaintiff's direct claims against the City Defendants. As such, allowing discovery against the City Defendants would run counter to the prohibition on allowing discovery against the Appealing Defendants before it has been conclusively determined whether they are entitled to qualified immunity. See Harlow, 457 U.S. at 818 ("Until this threshold [qualified] immunity question is resolved, discovery should not be allowed.").

In light of the foregoing, the Court will **DENY** Plaintiff's Motion to Compel, [Docket No. 239], to the extent Plaintiff asks the Court to compel discovery responses from the City Defendants.[7]

## II.     THE CITY AND APPEALING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER TO STAY, [Docket No. 242]

The City Defendants and the Appealing Defendants also move the Court for an order staying all discovery including of all other Defendants besides them pending a ruling by the Eighth Circuit on the Interlocutory Appeal.

---

[7] The Court, therefore, also denies necessarily the motion to the extent Plaintiff requests an award of attorneys' fees.

### A. Standard of Review

Rule 26(c) of the Federal Rules of Civil Procedure provides that district courts may stay discovery upon a showing of good cause. Fed. R. Civ. P. 26(c); TE Connectivity Networks, Inc. v. All Systems Broadband, Inc., No. 13-cv-1356 (ADM/FLN), 2013 WL 4487505, at *1 (D. Minn. Aug. 20, 2013). The power of a district court to stay discovery in an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Skidmore v. ACI Worldwide, Inc., 2008 WL 4186247, at *1 (D. Neb. Sept. 9, 2008) (citing Landis v. North Am. Co., 299 U.S. 248, 254 (1936); see also Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under Landis."); Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000).

However, a party who seeks a stay must demonstrate hardship or inequity attributable to being forced to move forward if there is a fair possibility that the requested stay will disadvantage someone else. Lockyer, 398 F.3d at 1109; Jones v. Clinton, 72 F.3d 1354, 1364 (8th Cir. 1996) ("Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward."). "Accordingly, the court must balance the consequences of imposing a stay on the opposing party against the consequences of proceeding on the movant." Skidmore, 2008 WL 4186247 (citing Jones, 72 F.3d at 1365).

Federal courts have considered various factors when determining whether a stay is appropriate in a particular case, including whether: (1) the movant is likely to succeed on the merits; (2) the movant will suffer irreparable injury unless the stay is granted; (3) substantial harm will come to other interested parties; and (4) the stay will do no harm to the public interest. James River Flood Control Ass'n v. Watt, 680 F.2d 543, 544 (8th Cir. 1982). However, generally

the decision is practical and left largely within the district court's discretion. TE Connectivity Networks, 2013 WL 4487505, at *2.

### B. Analysis

To the extent that the City and Appealing Defendants' motion seeks a stay as to discovery concerning Plaintiff's claims against them, the Court's reasoning supporting the denial of Plaintiff's motion to compel likewise supports granting limited a motion to stay discovery. Accordingly, to the extent that the City and Appealing Defendants' Motion for a Protective Order to Stay, [Docket No. 242], seeks a stay of any discovery by any party concerning Plaintiff's claims against the City Defendants and the Appealing Defendants, the Court will **GRANT** the motion in part.

However, the City and Appealing Defendants also seek a stay of discovery as to Plaintiff's claims against all other Defendants besides them as well. Accordingly, the Court must still address whether the City and Appealing Defendants have carried their burden to prove the necessity for such a far reaching stay.

The Court need not address each of the factors identified in James River Flood Control, supra, at length in determining whether to exercise its discretion to grant a stay of all discovery. The undersigned addresses the most pertinent of the factors below.

<u>Irreparable Harm</u>

The City and Appealing Defendants argue that they will suffer harm in the form of having to make duplicative discovery efforts in the event that the Interlocutory Appeal is denied and that the Appealing Defendants would, in that event, then need to obtain discovery which may have already been produced as to the other Defendants. In general, the monetary and time costs of litigation are not considered irreparable harm. See E.E.O.C. v. Consol. Freightways

Corp. of Delaware, 312 B.R. 657, 660 (W.D. Mo. 2004) ("[C]ourts generally do not find irreparable harm based on litigation expenses alone.") (citing E.E.O.C. v. Rath Packing Co., 787 F.2d 318, 325 (8th Cir. 1986)).

In addition, the entry of a stay concerning discovery as to Plaintiff's claims against the City Defendants and the Appealing Defendants would not prevent those Defendants from informally attending and auditing the depositions concerning Plaintiff's claims against the other remaining County and Individual Defendants. This would permit the City and Appealing Defendants to make a well informed decision as to what supplemental discovery, if any, they might choose to do in the event the Interlocutory Appeal is denied. Indeed, this is not a novel suggestion. Another court dealing with a multi-party case has also approved a one-sided stay that allowed the parties against whom discovery had been stayed to informally participate in discovery concerning the other parties against whom discovery had not been stayed. See United States v. Kramer, 770 F. Supp. 954, 961 (D.N.J. 1991) (noting with approval settlement process in which discovery against third-party defendants would be stayed, but which would allow the third-party defendants to voluntarily engage in informal discovery with primary plaintiffs/defendants without having to undertake burdens of full-fledged discovery). Because the City Defendants and Appealing Defendants could voluntarily and informally attend depositions concerning Plaintiff's claims against the remaining County and Individual Defendants, the City and Appealing Defendants would have the benefits of the previously conducted discovery and could obtain any necessary remaining discovery that had not already been obtained through targeted and therefore very cost effective supplemental depositions.[8]

---

[8] Indeed, the Court is hard pressed to discern and the City Defendants and Appealing Defendants have not in any specific way explained how discovery on Plaintiff's claims against the other County and Individual Defendants would be material to Plaintiff's claims against the City and Appealing Defendants because there has been little

Accordingly, the Court concludes that the City and the Appealing Defendants have not shown that they would suffer any irreparable harm if the Court does not grant a stay of all discovery.

Harm to Other Parties

The City and Appealing Defendants do <u>not</u> address this factor. The Court concluded above that the City and Appealing Defendants have not shown that they would suffer any irreparable harm in the absence of a stay on all discovery in the present case, and since the Plaintiff's claims against the County and remaining Individual Defendants are largely independent of he claims against the City and Appealing Defendants, staying discovery on Plaintiff's claims against other Defendants would create disruption and undue delay for those other claims not outweighed by any potential harm to the City and Appealing Defendants. Accordingly, the City and Appealing Defendants have not carried their burden to demonstrate that the balance of the harms weighs in favor of granting a stay as to all other discovery.

Harm to the Public Interest

The City and the Appealing Defendants also do <u>not</u> address this factor. Accordingly, the Court cannot conclude that the City and Appealing Defendants have carried their burden to prove that granting a stay as to all other discovery would avoid harm to the public interest.

Accordingly, the Court concludes that the City and the Appealing Defendants have failed to carry their burden to establish the need for a stay on all other discovery in the present case.

Therefore, the Court will **DENY** the City and Appealing Defendants' Motion for a Protective Order to Stay, [Docket No. 242], to the extent the motion seeks a stay of all other discovery that is <u>not</u> related to Plaintiff's claims against the City and the Appealing Defendants.

---

demonstrated to date to suggest or show that there was any significant, if any, concerted action between the City Defendants and the County Defendants.

### III. COUNTY DEFENDANTS' MOTION TO STAY AND/OR SEVER, AND FOR A PROTECTIVE ORDER, [Docket No. 256].

The County Defendants ask the Court to sever Plaintiff's claims against them or, in the alternative, to stay all discovery pending resolution of the Interlocutory Appeal. The County Defendants also seek a protective order that sets the location of the depositions of the Crow Wing County Rule 30(b)(6) deponents in Crow Wing County.

#### A. Stay of All Discovery

The Court's reasoning denying the City and Appealing Defendants' motion for a stay of all discovery applies equally to the County Defendants' motion to the extent the motion seeks a stay of all discovery. Accordingly, the Court will **DENY** the County Defendants' Motion to Stay and/or for a Protective Order, [Docket No. 256], to the extent the motion seeks a stay of all discovery pending the resolution of the Interlocutory Appeals.

#### B. Severance

At the motion hearing, the County Defendants indicated that, in the event the Court denied the motions to stay all discovery, the denial would, as a practical matter moot their motion to sever the claims against them. (See September 3, 2015, Motion Hearing, Digital Transcript at 2:48:00 p.m.). Therefore, in light of this Court's decision in the previous sections denying a stay of all discovery, the Court will DENY the County Defendants' Motion to Sever at this time reserving for Judge Frank the issue of whether to sever the claims against the County Defendants for the purposes of trial.

Accordingly, the Court **DENIES without prejudice**, the County Defendants' Motion to Stay and/or Sever, and for a Protective Order, [Docket No. 256], to the extent the County Defendants seek to sever the claims against them.

**C. Rule 30(b)(6) Deposition**

As initially drafted, the motion of the County Defendants sought a protective order requiring the deposition of the Crow Wing County designated Rule 30(b)(6) deponents to be taken in Crow Wing County on a date on which both deponents and each Defendants' attorneys could attend. At the motion hearing, however, counsel for the County Defendants represented that the County Defendants were only asking for a protective order with regard to the deposition of the Crow Wing County Rule 30(b)(6) designees scheduled for August 28, 2015. (September 3, 2015, Motions Hearing at 2:31:10 p.m.).

1. Standard of Review

The general rule is that the deposition of an entity defendant's Rule 30(b)(6) deponent is to be taken at the entity's defendant's principal place of business. (See Webb v. Ethicon Endo-Surgery, Inc., No. CIV. 13-1947 JRT/JJK, 2015 WL 317215, at *7 (D. Minn. Jan. 26, 2015) (citing Dwelly v. Yamaha Motor Corp., 214 F.R.D. 537, 541 (D.Minn. 2003); Magnus Elecs., Inc. v. Masco Corp. of Ind., 871 F.2d 626, 630 (7th Cir. 1989)). "Courts have discretion to select another location, though, if one party shows that there are peculiar' circumstances favoring depositions at a different location, such as cost, convenience, and litigation efficiency." Id. (citing Six W. Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp., 203 F.R.D. 98, 107 (S.D.N.Y.2001) (internal quotation marks and citation omitted).

2. Analysis

On the record presently before the Court, the only circumstances on which it is suggested that the Court depart from the general rule in setting the location of the deposition of Crow Wing County's Rule 30(b)(6) deponent are the cost and convenience to some of the attorneys in not having to drive from the Minneapolis/St. Paul metropolitan area to Brainerd, Minnesota, for the

depositions. The Court concludes that such travel is not an undue burden on the parties and the savings in cost and convenience associated with not requiring the parties' counsel to travel is not a peculiar circumstance that would favor departing from the general rule in setting the location of a deposition in the present case.

In addition, at the motions hearing, counsel for the County Defendants represented to the Court that Baxter, Minnesota, which Plaintiff had proposed as a location to take the depositions of Crow Wing County's designated Rule 30(b)(6) deponents after the County Defendants had filed their motion, is an acceptable location for the depositions at issue. (September 3, 2015, Motions Hearing, Digital Recording at 2:30:00 p.m.-2:30:30 p.m., 2:33:00 p.m., 2:39:15 p.m.-2:40:30 p.m.).

Accordingly, the Court will **GRANT** the County Defendants' Motion to Stay and/or Sever, and for a Protective Order, [Docket No. 256], to the extent the County Defendants seek a protective Order concerning the deposition of Crow Wing County's designated Rule 30(b)(6) deponents that were previously scheduled for August 28, 2015.[9]

A final note, it is apparent to the Court based on the parties' statements in their briefs and oral representations at the motions hearing, that the parties are having trouble cooperating in the coordination of discovery depositions. Accordingly, the Court orders that the parties and their counsel will make themselves available during the first week of every month during the remaining discovery period for the scheduling of discovery depositions.

---

[9] All future depositions of any designated Rule 30(b)(6) deponents are also to be taken at or reasonably near the designating entity's principal place of business.

### IV. INDIVIDUAL DEFENDANTS' MOTION TO SEVER AND/OR FOR A PROTECTIVE ORDER TO STAY, [Docket No. 263].

The Individual Defendants[10] move the Court to sever Plaintiff's claims against them or, in the alternative, to stay all discovery pending resolution of the Interlocutory Appeal.

#### A. Stay of All Discovery

The Court's reasoning denying the City and Appealing Defendants' and the County Defendants motions for a stay of all discovery applies equally to the Individual Defendants' motion to the extent the motion seeks a stay of all discovery. Accordingly, the Court will **DENY** the Individual Defendants' Motion to Stay and/or for a Protective Order, [Docket No. 263], to the extent the motion seeks a stay of all discovery.

#### B. Severance

At the motions hearing, the Individual Defendants also acknowledged that, as a practical matter, a denial of the motions to stay all discovery would, as a practical matter, moot the portion of their motion seeking the severance of Plaintiff's claims against them. (September 3, 2015, Motion Hearing, Digital Recording at 2:51:00 p.m.). Accordingly, again reserving for Judge Frank the issue of whether to sever the claims against the Individual Defendant's for trial, the Court will also **DENY without prejudice** the Individual Defendants' Motion to Sever and/or for a Protective Order to Stay, [Docket No. 263], to the extent that the motion seek severance of Plaintiff's claims against the Individual Defendants.

### V. CONCLUSION

For the foregoing reasons, and based on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED:**

---

[10] The "Individual Defendants" include only county employees Tyler Burke, Amy Edberg, Gary Guttenkauf, Ginger Heurung, Derek Lavoy, Ilissa Ramm, Michael Triplett, Kari Turcotte, Jon Vukelich, Ryan Barnett, Shannon Wussow, Christine Madsen, Colleen Berens, Laura Johnson, Down Choinard, Deb Nelson, and Joan Smith. None of the individual Appealing Defendants are included in the "Individual Defendants".

1. That Plaintiff's Motion to Compel, [Docket No. 239], is **DENIED**, as set forth above;

2. That the City and Appealing Defendants' Motion for a Protective Order to Stay, [Docket No. 242], is **GRANTED in part** and **DENIED in part**, as set forth above;

3. That the County Defendants' Motion to Sever and/or Stay, and for a Protective Order, [Docket No. 256], is **GRANTED in part** and **DENIED in part**; as set forth above;

4. That the Individual Defendants' Motion to Sever and/or for a Protective order to Stay, [Docket No. 263], is **DENIED**, as set forth above; and,

5. That the parties and their counsel shall make themselves available for the scheduling and taking of depositions during the first week of every month during the remaining discovery period; and,

6. All future depositions of any entity Defendant's Rule 30(b)(6) designated deponents shall take place at or reasonably near the principal place of business of the entity Defendant.

Dated: October 14, 2015                             s/Leo I. Brisbois
                                                    Leo I. Brisbois
                                                    U.S. MAGISTRATE JUDGE